# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4240 | **DATE** | 11/2/2010 |
| **CASE TITLE** | Newman vs. Gaetz | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Respondent's request for discovery [35] is granted in part and denied in part.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

On September 21, 2010, this Court granted Petitioner's request for an evidentiary hearing, which is set to begin on November 22, 2010 at 1:00 p.m. Before the Court is Respondent's request for discovery [34] in advance of the hearing. (The Court previously granted [see 34] Petitioner's request to issue certain subpoenas in an effort to gather additional pertinent written materials in advance of the hearing.)

**1.    Document Requests**

Respondent requests permission to subpoena (1) petitioner's juvenile court records, (2) any records related to Petitioner's application and admission to the Lincoln Challenge program, and (3) records related to Petitioner's incarceration at the Audy Home. Petitioner does not object to these requests. Respondent's request is granted.

**2.    Medical Examination**

Next, Respondent requests permission to have Petitioner examined by a state expert in order to obtain an opinion on Petitioner's mental state and prior fitness to stand trial. Petitioner does not object to this request. Respondent's request is granted. Respondent is ordered to provide the examiner's *curriculum vitae* and contact information to Petitioner within a reasonable time before the examination and to comply with Fed. R. Civ. P. 35.

**3.    Depositions**

Last, Respondent requests permission to depose the Petitioner along with the eight other non-party witnesses listed in paragraph 1 of the joint status report filed by the parties [32]. The parties have agreed that each may

depose Petitioner's trial counsel, Michael Johnson, prior to the hearing. Given the centrality of Attorney Johnson's alleged actions and inactions to the matters at issue in this case and that will be explored at the evidentiary hearing – including, most particularly, Petitioner's claim of ineffective assistance of counsel – there is good cause to depose Attorney Johnson in advance of the hearing. However, Petitioner opposes Respondent's request to depose Petitioner and the seven other non-party witnesses listed on the status report [see 32, at 1].

The Supreme Court has made clear that, in contrast to ordinary civil litigation, discovery in all forms, including the taking of depositions, is not available "as a matter of ordinary course" in habeas proceedings. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Nevertheless, in carrying out its obligation to "dispose of habeas petitions 'as law and justice require,'" a district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6 of the Rules Governing Section 2254 Cases. *Id*. (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Rule 6(a) provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." In a habeas case, good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is * * * entitled to relief[.]" *Bracy*, 520 U.S. at 908-09 (quoting *Harris,* 394 U.S.at 300). In order to obtain discovery preceding an evidentiary hearing in a habeas case under Rule 6(a), the party seeking the discovery must indicate with specificity precisely what information he hopes to obtain through discovery. See, *e.g. Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007). "The burden of demonstrating the materiality of information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citing *Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000)). While such discovery requests more frequently come from those seeking habeas relief, the Court has not identified any authority suggesting that a different standard applies if discovery is sought by the respondent rather than the petitioner. Accordingly, the Court will apply the same "good cause" standard to Respondent's deposition requests in this case.

Respondent requests the depositions for several reasons. To begin with, Respondent contends that the depositions will streamline the hearing by enabling both counsel to assess in advance the extent to which the proposed witnesses may (or may not) be able to recall the pertinent events, all of which occurred many years ago. In Respondent's view, "[i]t is better that any lack of memory or reluctance be established during depositions than during the hearing, which would unnecessarily waste the Court's and the witness's time." In addition, Respondent seeks to depose Petitioner himself to probe Petitioner's alleged mental deficiencies and evaluate Petitioner's ability to testify at the hearing. And, finally, Respondent requests permission to depose three witnesses – Dr. Kavanaugh, Ms. Whittington, and Ms. Randall – who presumably will testify regarding Petitioner's mental abilities on the basis of their experiences in psychology and education. In deposing those three witnesses, Respondent seeks to probe the bases for any opinions that may be offered with an eye toward determining whether expert and/or rebuttal witnesses for Respondent will be necessary.

In opposing Respondent's requests for pre-hearing depositions (apart from the agreed deposition of Attorney Johnson), Petitioner first contends that Respondent has not made the requisite showing of specificity in regard to either the facts or theories that Respondent wishes to develop by taking the depositions. Petitioner also points to the extensive documentation that already is part of the underlying state court record in this case, and thus is available to both parties in preparing for the hearing. Of particular significance, Petitioner notes the eighteen-page report submitted by Dr. Kavanaugh and the affidavits provided by Ms. Whittington and Ms. Randall, who were Petitioner's special education teachers. Petitioner suggests that in lieu of depositions, counsel for Respondent can simply attempt to contact the proposed witnesses to ascertain whether they are willing to speak about the case.

## STATEMENT

On balance, and mindful of the availability of the written materials of record, including the reports and affidavits mentioned above, and the opportunity to cross-examine witnesses at the evidentiary hearing, the Court is not persuaded that Respondent has shown good cause to depose any of the proposed witnesses (save for Attorney Johnson) in advance of the hearing. As Petitioner correctly observes, Respondent has not made the kind of witness- or fact-specific showing referenced in the cases cited above in regard to any of the eight proposed deponents beyond Attorney Johnson. Absent such a showing, the Court cannot see either benefit to the parties or the Court or prejudice to Respondent from proceeding to the hearing without the depositions. To the extent that any witnesses are reluctant to testify, lack recollection of events that took place long ago, or lack competence in any other way, such limitations should become apparent rather quickly at the hearing. Making arrangements to depose so many witnesses in the short time frame before the hearing to probe those issues does not strike the Court as a fruitful endeavor.

The argument for deposing the other witnesses – Dr. Whittington and the special education teachers – would be stronger but for the availability of written materials of record that set forth at least some of the bases for the witnesses' views and opinions. The Court anticipates that to the extent that those witnesses are called at the hearing, they will testify consistently with their prior reports and statements – which, after all, were submitted much closer in time to the events in question. Moreover, as both parties recognize, counsel for Respondent is free to contact any of the proposed non-party witnesses in advance of the hearing to ascertain whether they are willing to speak with counsel. See, *e.g.*, *Gonzales v. Schriro*, 2007 WL 1108930, at *2 (D. Ariz. Apr. 13, 2007) (finding "pre-hearing depositions" to be "unnecessary" given that "the parties will have the opportunity to present the relevant facts and cross-examine the expert witnesses" at the evidentiary hearing, but noting that counsel "are not prohibited from requesting an informal interview" with any experts prior to the hearing). Whether such an interview – or even a deposition for that matter – would yield any useful information beyond what already has been provided in the report and affidavits is an open question.

In declining to allow the requested additional depositions at this time, the Court remains mindful of Respondent's concerns about the possible justification for rebuttal witnesses on Petitioner's psychological and educational issues. In the event that Respondent wishes to call rebuttal experts or witnesses to counter testimony for which Respondent could not have been prepared in advance of the hearing based on the materials of record (and any informal interviews that may be arranged), the Court will entertain a motion for a continuation of the hearing to allow Respondent an opportunity to present such witness (or witnesses). Should the witnesses called at the hearing stray from their prior statements or otherwise offer unanticipated testimony, the case for rebuttal witnesses no doubt will be stronger. And in view of Petitioner's opposition to the taking of the additional depositions prior to the hearing, Petitioner cannot be heard to complain too loudly if such a rebuttal case is requested – and permitted – should the circumstances warrant.