Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4240 | **DATE** | 11/29/2010 |
| **CASE TITLE** | Newman vs. Gaetz | | |

**DOCKET ENTRY TEXT**

Before the Court is Petitioner's request for an order requiring that Respondent's mental examination of Petitioner be videotaped. Upon careful consideration of Petitioner's motion [38], Respondent's response [45], and the arguments of counsel at today's hearing, the Court respectfully denies Petitioner's request. The Court will issue a written ruling on the remaining disputed discovery issues in due course. Finally, as stated on the record in open court, Respondent's unopposed request to subpoena Petitioner's full medical records from Petitioner's stays at Hartgrove Hospital [see 45, at 14] is granted.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court are several remaining aspects of Petitioner's motion for additional discovery [38], filed on November 15, 2010. Respondent has filed a memorandum in response and earlier today the Court held a hearing on the motion. Because the parties have scheduled the Rule 35 examination of Petitioner for this Wednesday, December 1, 2010, the Court has expedited its ruling on the dispute pertaining to that examination. The Court will address the remaining issues raised in the motion and response brief in a future written ruling.

There is a "substantial body of case law from both federal and state courts" dealing with the question of when it is appropriate for an examination pursuant to Federal Rule of Civil Procedure 35 (or analogous examination under state law) to be videotaped. *Morrison v. Stephenson*, 244 F.R.D. 405, 406 (S.D. Ohio 2007). Court have discretionary authority under Fed. R. Civ. P. 35 to permit the presence of a recording device at a court-ordered psychiatric examination, but there plainly is no absolute right to the use of such a device. See, *e.g. Sidari v. Orleans County*, 174 F.R.D. 275 (W.D.N.Y. 1996); *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620 (D. Kan. 1999); *Holland v. U.S.*, 182 F.R.D. 493 (D.S.C. 1998)). Under the "normal procedure," there is no video camera or other recording device at the examination. *Morrison*, 244 F.R.D. at 407. In order to secure the presence of a video camera at a psychological examination, Petitioner is required to demonstrate good cause for such an order. *Id*.

Here, consistent with the weight of the pertinent authority, the Court concludes that Petitioner has not demonstrated good cause to require a video camera at his examination. First and foremost, Dr. Stafford Henry, Respondent's expert, swears in an affidavit filed with Respondent's brief that the presence of a video recorder would interfere with the dynamics of the examination and adversely affect the information that he receives from Petitioner. Dr. Henry attests that in eighteen years of performing forensic evaluations for courts, he has never had an examination videotaped. Courts have recognized that the presence of recording

| STATEMENT |
|---|

equipment can disrupt the examination and have disallowed videotaping on those grounds. See, *e.g. Pizzuto v. Hardison*, 2010 WL 672754, *2 (D. Idaho Feb. 20, 2010) (in habeas case where mentally retarded prisoner requested examination by defendant's expert to be videotaped, court disallowed videotaping of examination based on expert's objections); *Abdulwali v. Washington Area Metro. Transit*, 193 F.R.D. 10, 14 (D.D.C. 2000) (denying request that examination be recorded and collecting cases that recognize the disruptive effect of recording equipment on Rule 35 examinations); *Tomlin v. Holecek*, 150 F.R.D. 628, 631-33 (D. Minn. 1993) (plaintiff who alleged severe and permanent psychological injury ordered to undergo an independent psychological examination, but without attorney present or recording of the examination, given the intrusive nature of both factors, which the examining psychologist asserted would be inimical to a valid psychiatric examination).

While Respondent has established that the presence of recording equipment could adversely affect the examination, Petitioner has not shown a need for the presence of recording equipment sufficient to overcome the possible harm to the examination. The only concern identified by Petitioner's attorneys is that Petitioner's language and educational deficits will make it difficult for Petitioner to tell his attorneys about what took place during the exam. That concern alone is not sufficient to require that the examination be videotaped. Dr. Henry has advised that he will be taking notes during the exam that will accurately reflect the assessment process and will be available to both parties. Dr. Henry also presumably will prepare a report setting out his findings in detail. See Fed. R. Civ. P. 35(b)(2). The Court finds that the availability of the notes and report and Petitioner's ability to cross examine Dr. Henry at the hearing are sufficient to appraise counsel of what occurred during the examination and to protect Petitioner's rights. See, *e.g. Abdulwali*, 193 F.R.D. at 14; *Tirado v. Ergosa*, 158 F.R.D. 294, 301 (S.D.N.Y. 1994) (provisions of Rule 35 will provide "ample protection" for plaintiff concerned about improperly conducted examination).

The case cited by Petitioner, *Di Bari v. Inaica Cia Armadora, S.A.*, 126 F.R.D. 12, 14 (E.D.N.Y. 1989), in which the court ordered a court reporter to transcribe an examination because the plaintiff would not be able to effectively communicate what took place at the examination, is not binding on the Court and appears to represent a minority view. Furthermore, there is nothing in the record to substantiate any concern that Dr. Henry—a psychiatrist of many years' experience whose status as an expert is not in dispute—will act improperly or unethically in conducting the examination or that his report will not fully and accurately reflect what took place during the examination.

Finally, courts recognize the fairness concerns involved in having the examination by a defendant's expert recorded or witnessed when the examination by petitioner's own expert was not similarly recorded or witnessed. See, *e.g. Cabana v. Forcier*, 200 F.R.D. 9, 12 (D. Mass. 2001) (citing *Baba-Ali v. City of New York*, 1995 WL 753904, at *3 (S.D.N.Y. Dec.19, 1995)). Here, Respondent will not have the benefit of a record of the examination by Petitioner's expert. For all of these reasons, Petitioner's request that this Court enter a protective order that permits Petitioner's counsel to videotape Dr. Henry's mental examination of Petitioner is respectfully denied.

*[signature]*