Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4240 | **DATE** | December 3, 2010 |
| **CASE TITLE** | Newman vs. Gaetz | | |

**DOCKET ENTRY TEXT**

Before the Court are the portions of Petitioner's motion [38] that remain in dispute, namely Petitioner's requests (a) to take the depositions of Dr. Schwartz, Dr. Gutmann, and Dr. Smith, (b) to issue subpoenas duces tecum to those three individuals and to attorney Johnson, and (c) to add five individuals to Petitioner's witness list. Petitioner's remaining requests ((a), (b), and (c) above) are denied without prejudice. However, the Court grants Petitioner leave to reopen the deposition of and to issue a subpoena duces tecum to Michael Johnson, for the purposes discussed below. For further details, please see below.

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

Before the Court are the portions of Petitioner's motion for additional discovery [38] that remain in dispute. Respondent has filed a memorandum in response to Petitioner's motion and on November 29, 2010 the Court held a hearing on the motion. In previous minute orders, the Court granted the agreed portions of the motion [40], denied Petitioner's request that his examination by Respondent's expert be videotaped [48], and granted Respondent's unopposed request to subpoena Petitioner's full medical records from Petitioner's stays at Hartgrove Hospital [48].

Remaining at issue are Petitioner's requests (a) to take the depositions of Dr. Schwartz, Dr. Gutmann, and Dr. Smith, (b) to issue subpoenas duces tecum to those three individuals and to attorney Johnson, and (c) to add five individuals to Petitioner's witness list. Upon careful consideration of Petitioner's motion [38], Respondent's response [45] and the materials attached to each, and the arguments of counsel at the November 29, 2010 hearing, the Court respectfully denies Petitioner's four remaining requests without prejudice.

Petitioner contends that during his deposition, attorney Michael Johnson "claimed for the first time that he had contacted certain individuals prior to Melvin's trial and asked them whether Melvin's psychological diagnoses and extremely low standardized test scores indicated a lack of fitness to stand trial." (Motion at 2). According to Petitioner, Johnson identified a Dr. Smith, a Dr. L Schwartz, and a Dr. Miriam Gutmann as the individuals with whom Johnson spoke. (*Id.*). Petitioner requests to issue a subpoena for documents and to depose each doctor.

As an initial matter, although the transcript of Johnson's deposition was not available to Petitioner when he filed the instant motion, Respondent had the benefit of the transcript when he filed his response and attached the transcript to that submission. At the November 29 hearing, it became clear that the parties do not share

| STATEMENT |
|---|

an identical interpretation of Johnson's statements about his consultations with individuals about Petitioner's competence. Accordingly it may be useful to summarize Johnson's actual testimony as to these matters.

During the deposition, counsel for Petitioner asked Johnson about the school records and similar documents that Petitioner's mother gave Johnson. (Johnson Dep. at 99:1 – 104:9). Johnson testified that he was concerned with a discrepancy between the grades that Petitioner was receiving in the Chicago Public Schools and Petitioner's low test scores, so Johnson "reviewed with a few people I know to see what the relationship is with that." (*Id*. at 102:9-17). Petitioner's counsel asked Johnson with whom he had discussed Petitioner's performance, and Johnson said:

> "[I]t could have been whoever was heading up special education at Central School in Glencoe who I was dealing with. There was three or four people in 2000 or '01 that I reviewed a lot of IEPs with * * * There is also a friend of mine who is now the head of special education for Chicago Public Schools, Dr. Smith, who I saw quite often. I would ask people about these, people that knew more than I did about educational scores."

When asked whether Johnson had a "specific recollection of talking to a specific person about" Petitioner's documents, Johnson replied "[i]t could have been any of four or five people that I dealt with back then." (105:9-14). Johnson testified that these conversations would have been over the phone or over a cup of coffee and that he would not have taken notes. (*Id*. at 15:22). Later in the deposition, Johnson confirmed that he did in fact "talk[] to a variety of different people" about the documents Petitioner's mother gave him. (141:10). When asked for names of who Johnson spoke with, Johnson replied that he "would have discussed with Miriam Gutman." (141:13-14). Johnson said that when he discussed competence and school-performance issues with the individuals he "wouldn't specifically give names or anything, but I would discuss issues and say if a person has these diagnoses and things of that nature." (*Id*. at 17-20). When pressed by Petitioner's counsel, the only individual that Johnson specifically remembered talking with about Petitioner's case was Dr. Leonard Schwartz. (*Id*. at 142).

Counsel for Petitioner contends that Johnson had never before mentioned speaking with outside parties about Petitioner's competency, either in prior interviews with Petitioner's counsel or in the affidavit Johnson filed in 2006 in opposition to Petitioner's state court post-conviction proceeding. (*Id*.).

Following the deposition, Petitioner contacted each of the three doctors identified by Johnson. Dr. Schwartz relayed to Petitioner's counsel that he did consult on a case for Michael Johnson several years ago, but that it was a non-murder case. (Mot. at 3). Schwartz also reported that Johnson had called him the week prior and had asked him if he would be willing to consult on a competency matter in a murder case without meeting the client. Petitioner's counsel reports that Dr. Schwartz seemed nervous and anxious during the phone call and did not want to discuss the matter in detail. Dr. Gutmann did not recall having any discussions with Johnson about any of his clients' trial competency, mental limitations, or psychological diagnoses, and Dr. Gutmann reported that she does not perform competency evaluations as part of her practice. (*Id*. at 4). Dr. Smith relayed that he knew Johnson socially but had never consulted for him and did not remember ever speaking with Johnson about any of his clients. (*Id*.). Dr. Smith relayed that Johnson had e-mailed him sometime around the date of the deposition, asking Dr. Smith to contact him, but Dr. Smith had not responded.

During the November 29, 2010 hearing on the instant motion, the parties appeared to agree that it would be appropriate to reopen the deposition of Michael Johnson before deposing or issuing subpoenas the three doctors. The Court agrees. Petitioner is granted leave to reopen Johnson's deposition to question Johnson in more detail about his recent contacts with the three doctors. Furthermore, Petitioner is granted leave to

| STATEMENT |
|---|

subpoena from Johnson any communications Johnson had with the three doctors that relate in any way to Petitioner or Petitioner's case. At the hearing, a dispute arose concerning whether at Johnson's re-opened deposition, questioning would be limited to Johnson's recent contacts with the doctors or whether counsel for Petitioner would be permitted to reopen questioning about Johnson's consultations with doctors or other individuals around the time of Petitioner's trial. Because (1) the deposition transcript is not crystal clear about who Johnson talked to and for what purpose, and (2) according to counsel for Petitioner, Johnson's memory about who he consulted appears to have changed over time, the Court will permit counsel to reopen this line of questioning.

Upon careful consideration of all the information currently available to the Court, the Court finds that Petitioner has not *currently* demonstrated good cause to depose or subpoena Drs. Schwartz, Gutmann, or Smith. Petitioner may renew his request to depose and subpoena these individuals following Johnson's reopened deposition.

Should Petitioner renew his request to depose and subpoena any of the three doctors, Petitioner should identify precisely what information he hopes to uncover from each doctor and how that information would be *probative* of the issues to be determined at the hearing. In its order of November 2, 2010 [37] the Court reviewed the standard that a party must meet when seeking discovery in habeas proceedings, which the Court will not repeat here. In short, a party must make a fact specific showing of good cause under Rule 6 of the Rules Governing Section 2254 Cases by identifying with specificity what information he hopes to obtain through discovery. See *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). For example, if it appears that Johnson only discussed vague hypothetical "diagnoses" or "issues" with the doctors and did not use Petitioner's name or give many details about his circumstances, it would be unlikely that the doctors could provide any testimony germane to the issues at the heart of the upcoming hearing or any valuable impeachment testimony.

Finally, Petitioner requests to add Drs. Smith, Gutmann and Schwartz to their witness list for the evidentiary hearing. Petitioner also requests to add Bradley R. Hall and Emily Sweitzer—two law students of Petitioner's counsel who were present during discussions with Johnson in 2004 and 2005. A determination of whether any of the doctors should be added to the witness list must await the results of the re-opened deposition of Attorney Johnson and a further showing in regard to the probative value of the doctors' anticipated testimony. Hall and Sweitzer would presumably testify that Johnson never mentioned consulting with outside individuals about Petitioner's fitness. For purposes of this motion, Petitioner's request to add the five witnesses is denied without prejudice. During the hearing on the instant motion, the Court suggested that Petitioner might introduce Hall and Sweitzer's testimony through an affidavit in lieu of calling them at the hearing and counsel for Petitioner indicated that she would consider that approach. If the parties cannot reach an accommodation of the affidavits and Petitioner still wishes to call Hall and/or Sweitzer at the evidentiary hearing, Petitioner must submit a proffer of each witness's proposed testimony no later than twenty-one days prior to the hearing. Such a proffer would address Respondent's concerns about a "trial by ambush" and most likely would obviate the need for pre-hearing depositions of any of those witnesses.