# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4240 | **DATE** | 1/31/2011 |
| **CASE TITLE** |  | Newman vs. Gaetz | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the contested portions of Petitioner's motion [50] for additional discovery and to add to his witness list are respectfully denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Petitioner's motion for additional discovery and to add to his witness list at the upcoming evidentiary hearing [50]. In its minute order of January 21, 2011, the Court granted the portions of Petitioner's motion that were agreed. Remaining are Petitioner's requests for leave to issue a subpoena *duces tecum* to the Mayo Clinic and to add a witness from the Mayo Clinic to his witness list.

On January 18, 2011, Petitioner conducted a re-opened deposition of attorney Michael Johnson, who represented Petitioner at his 2002 trial. During the deposition, Johnson testified that before Petitioner's trial, he used the Mayo Clinic website to research Intermittent Explosive Disorder ("IED"). Petitioner entered into evidence a page of Johnson's notes on that subject, which Johnson admitted memorialize that research.

On January 19, 2011, petitioner filed the instant motion, which seeks leave to issue a subpoena *duces tecum* to the Mayo Clinic and to add an as-yet-unnamed witness from the Mayo Clinic to his witness list. Petitioner states that Johnson's notes (which are purportedly from 2002) use language that is nearly identical to the language the Mayo Clinic currently uses to describe IED on its website. Petitioner has contacted representatives of the Mayo Clinic, who stated that the Clinic's website contained no information about IED until 2006. Petitioner seeks a subpoena to obtain documentation of this allegation, and to add a witness from the Mayo Clinic to authenticate that evidence as to the age and content of the Mayo website's entry on IED. Respondent objects to both requests.

Because the evidence sought by Petitioner would be inadmissible in the upcoming hearing, Petitioner's requests are denied. Based on the Court's review of Petitioner's motion, it appears that the contemplated use of the Mayo Clinic evidence would be to impeach Johnson concerning when he researched IED; Petitioner has not identified any other reason for which he seeks to use the evidence about IED from the Mayo website.

| STATEMENT |
|---|

"Impeachment by contradiction is a valid method of impeachment and 'simply involves presenting evidence that part or all of a witness' testimony is incorrect.'" *United States v. Kozinksi*, 16 F.3d 795, 805 (7th Cir. 1994) (quoting *Simmons, Inc. v. Pinkerton's, Inc.*, 792 F.2d 591, 604 (7th Cir. 1985)). However, "one may not impeach by contradiction regarding 'collateral or irrelevant matters.'" *Id*. Similarly, "extrinsic evidence may not be used to prove impeachment on a collateral matter." *United States v. Senn*, 129 F.3d 886, 894 (7th Cir. 1997). "A matter is collateral if it 'could not have been introduced into evidence for any purpose other than contradiction.'" *United States v. Williamson*, 202 F.3d 974, 979 (7th Cir. 2000) (quoting *United States v. Jarrett*, 705 F.2d 198, 207 (7th Cir. 1983)). Accordingly, extrinsic evidence may only be introduced for impeachment purposes if it has an "an independent purpose and an independent ground for admission." *Kozinski*, 16 F.3d at 806.

As noted above, whether and how the Mayo Clinic described IED on its website in 2002 (or on any other date) is wholly irrelevant to the issues to be decided at Petitioner's hearing. The only purpose for which Petitioner could use the Mayo Clinic information would be to attempt to prove that Johnson lied about the date of his notes or to otherwise cast doubt on Johnson's credibility. See *United States v. Bonner*, 302 F.3d 776, 784-85 (7th Cir. 2002) (defense witness's testimony that he had two telephone conversations with victim offered to contradict victim's testimony that she did not speak to the witness by phone was properly excluded as collateral impeachment evidence); *United States v. Miller*, 159 F.3d 1106, 1112 (7th Cir. 1998) (district court properly excluded testimony of codefendant offered to contradict witness's testimony that he had not recently spoken with codefendant because testimony was offered to impeach on a collateral matter).

In sum, because the evidence sought by Petitioner would be inadmissible extrinsic evidence used for impeachment on a collateral matter, Petitioner's requests for leave to issue a subpoena *duces tecum* to the Mayo Clinic and to add a witness from the Mayo Clinic to his witness list are denied.

[signature]